**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LAUREN HOWARTH,<br><br>Plaintiff,<br><br>v.<br><br>JADEN M. FIELDS, *et al.*,<br><br>Defendants. | Civil Action No. 24-2124 (MAS) (JBD)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Defendant Jaden M. Fields's ("Defendant") Motion to Dismiss Plaintiff Lauren Howarth's ("Plaintiff") Complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure [1] 12(b)(2). (ECF No. 3.) Plaintiff opposed (ECF No. 5) and filed a Cross-Motion to Transfer Venue (ECF No. 6). Defendant did not reply to Plaintiff's Opposition to the Motion to Dismiss or oppose the Cross-Motion. The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1(b). For the reasons below, the Court denies the Motion to Dismiss and grants the Cross-Motion to Transfer Venue.

---

[1] All references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

I.    **BACKGROUND** [2]

The facts of the underlying dispute are, for the most part, straightforward. To start, Plaintiff met Defendant while both were students attending Rutgers University in New Brunswick, New Jersey ("Rutgers"). (Pl.'s Aff. ¶ 2, Ex. A to Pl.'s Opp'n Br., ECF No. 5-3.) Plaintiff was a college freshman at that time, and Defendant was finishing his last semester. (*Id.*) While attending Rutgers, Defendant was recruited into the Navy. (*Id.* ¶ 3.) After Defendant graduated, the two remained friends. (*Id.* ¶¶ 3-4.) Defendant is currently a citizen of California. (Compl. ¶ 2, ECF No. 1.)

After some time passed, Defendant invited Plaintiff to visit him while he was living in Hawaii. (Pl.'s Aff. ¶ 5.) Defendant offered Plaintiff housing in his apartment for the duration of the stay. (*Id.*) Plaintiff accepted the invitation (*id.* ¶¶ 6-11), and Plaintiff arrived at Defendant's apartment with her father (*id.* ¶ 6). The two stayed at Defendant's apartment from March 10, 2022 to March 17, 2022. (*Id.*) They slept in different rooms in Defendant's apartment: Plaintiff slept in one bedroom, and Plaintiff's father slept on an inflatable mattress in a separate bedroom. (*Id.* ¶ 7.)

As the trip was winding down, Plaintiff, on the last day, was searching for a piece of paper in Defendant's apartment to write a thank you note for letting them stay at his apartment. (*Id.* ¶ 8.) While searching for paper, Plaintiff stumbled upon a video camera that was set up in the bedroom where she had been sleeping for the duration of the trip. (*Id.*) Upon viewing the footage captured by the camera, Plaintiff found a week's worth of videos of herself dressing and undressing in the

---

[2] For the purpose of considering the instant Motions, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008); *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004) (citation omitted) (personal jurisdiction); *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 158 n.1 (3d Cir. 2012) (venue). Because Defendant moved to dismiss on jurisdictional grounds, the Court derives the bulk of the facts from Plaintiff's Affidavit affixed to her Opposition Brief. (*See generally* Pl.'s Aff., Ex. A to Pl.'s Opp'n Br., ECF No. 5-3); *Miller Yacht Sales, Inc.*, 384 F.3d at 97 n.6 (citation omitted) (explaining that once a jurisdictional defense is raised, a plaintiff has the "burden of proof [to] establish[] jurisdictional facts through sworn affidavits or other competent evidence").

room. (*Id.* ¶ 10.) As a result of this discovery, Plaintiff was emotionally distraught and distressed. (*See generally* Compl.) Plaintiff then confronted Defendant about the discovery of the camera, and he initially denied setting up the camera. (Pl.'s Aff. ¶ 10.) Defendant later admitted to Plaintiff that he planned to watch the videos after she and her father left. (*Id.* ¶ 11.)

Against that backdrop, Plaintiff sued Defendant for negligence (Count I), invasion of privacy (Count II), negligent infliction of emotional distress (Count III), and intentional infliction of emotional distress (Count IV). (*See generally* Compl.) The instant Motion to Dismiss ensued, in which Defendant asserts that the Court lacks personal jurisdiction over him under Rule 12(b)(2). (*See generally* Def.'s Moving Br., ECF No. 3-1.) Plaintiff opposed and filed a Cross-Motion to Transfer Venue, asserting that she adequately alleged personal jurisdiction over Defendant, and alternatively requesting that the Court transfer the case to the United States District Court for the Southern District of California. (*See generally* Pl.'s Opp'n Br., ECF No. 5.) The Motions are now ripe for review.

## II.    <u>LEGAL STANDARD</u>

### A.    **Motion to Dismiss for Lack of Personal Jurisdiction**

Under Rule 12(b)(2), a defendant may move to dismiss an action for lack of personal jurisdiction. "[O]nce a defendant has raised a jurisdictional defense, the plaintiff must prov[e] by affidavits or other competent evidence that jurisdiction is proper." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (second alteration in original) (internal quotation marks and citations omitted). In a diversity action, a New Jersey federal court "has jurisdiction over parties to the extent provided under New Jersey state law." *Miller Yacht Sales, Inc.*, 384 F.3d at 96 (citations omitted). "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Id.* (citations omitted). "Thus,

3

parties who have constitutionally sufficient 'minimum contacts' with New Jersey are subject to suit there." *Id.* (citation omitted).

A federal district court may exercise two types of personal jurisdiction: general jurisdiction and specific jurisdiction. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 n.9 (1984)). General jurisdiction exists when a defendant's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Goodyear*, 564 U.S. at 924. Specific jurisdiction allows a court to exercise jurisdiction over a non-resident defendant where: (1) the defendant "purposefully avail[ed] [him]self of the privilege of conducting activities within the forum"; (2) the litigation "aris[es] out of or relate[s] to the defendant's contacts with the forum"; and (3) the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Id.* at 923-24 (alterations in original) (citations omitted).

When the district court does not hold an evidentiary hearing, "the plaintiff need only establish a prima facie case of personal jurisdiction[,] and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc.*, 384 F.3d at 97 (citations omitted). Once the plaintiff has shown minimum contacts, the burden shifts to the defendant, who must show that the exercise of jurisdiction would be unreasonable. *See Mellon Bank (East) PSFS v. Farino*, 960 F.2d 1217, 1226 (3d Cir. 1992).

**B.    Motion to Transfer Venue**

A federal district court may transfer a civil action to a different venue under 28 U.S.C. § 1404(a) or § 1406(a). Section 1404 states, "[f]or the convenience of parties and witnesses, in the

interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." § 1404(a).

Section 1406 provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." § 1406(a). The Third Circuit has explained that "Section 1404[] provides for the transfer of a case where both the original and the requested venue are proper. Section 1406, on the other hand, applies where the original venue is improper and provides for either transfer or dismissal of the case." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995).

When deciding a motion to transfer venue, a district court should be mindful that "the plaintiff's choice of venue should not be lightly disturbed," *id.* at 879 (citation omitted), so long as the plaintiff's choice is "one among the permissible options," *Al-Ghena Int'l Corp. v. Radwan*, 957 F. Supp. 2d 511, 526 (D.N.J. 2013).

## III.    DISCUSSION

Because Defendant argues that the Court lacks personal jurisdiction over him, the Court first discusses personal jurisdiction. *See Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 95 (2017) ("A court must have the . . . power over the parties before it (personal jurisdiction) before it can resolve a case."). Neither party argues that the Court may exercise general personal jurisdiction over Defendant, so the Court focuses exclusively on whether it has specific personal jurisdiction.

### A.    The Court Lacks Specific Personal Jurisdiction over Defendant.

To assert specific personal jurisdiction, Plaintiff must allege "claim-specific jurisdiction over Defendant[]," meaning "an affiliatio[n] between the forum and the underlying controversy." *Christie v. Nat'l Inst. for Newman Stud.*, 258 F. Supp. 3d 494, 499 (D.N.J. 2017) (second alteration

in original) (quoting *Walden v. Fiore*, 571 U.S. 277, 283 n.6 (2014)). Plaintiff alleges two unintentional torts: negligence and negligent infliction of emotional distress. (*See generally* Compl. ¶¶ 3-9, 18-21.) Plaintiff further alleges two intentional torts: invasion of privacy and infliction of emotional distress. (*See generally id.*) Because specific jurisdiction analysis is claim-specific, the Court analyzes the unintentional and intentional tort claims separately. *See Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001) (holding that the district court should conduct "a claim-specific analysis" when "there are different considerations in analyzing jurisdiction over" those claims).

For unintentional tort claims, courts employ the traditional three-part test for specific jurisdiction outlined below:

> First, the defendant must have purposefully availed itself of the privilege of conducting activities within the forum. Second, "plaintiffs' claims must arise out of or relate to at least one of the contacts with the forum." Third, the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice.

*Harrison v. Nerveda, LLC*, No. 15-1373, 2015 WL 5138478, at *4 (D.N.J. Aug. 31, 2015) (first quoting *HS Real Co. v. Sher*, 526 F. App'x 203, 206 (3d Cir. 2013); then citing *O'Connor*, 496 F.3d at 317). Notably, the first prong is a threshold inquiry, and the Court need not consider the third prong if the first two prongs are unmet. *See Bit Holdings Fifty-One, Inc. v. Ultimate Franchises, Inc.*, No. 18-11010, 2019 WL 2296052, at *4 (D.N.J. May 30, 2019) (citation omitted).

On the other hand, in cases of intentional torts, the court may exercise personal jurisdiction when the so-called "*Calder* effects test" is satisfied, which stems from the Supreme Court's decision in *Calder v. Jones*, 465 U.S. 783, 788 (1984). *See Christie*, 258 F. Supp. 3d at 500. That test requires a plaintiff to allege:

> (1) The defendant committed an intentional tort;
>
> (2) The plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort; [and]
>
> (3) The defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity . . . .

*Id.* (quoting *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 265-66 (3d Cir. 1998)). The Supreme Court has clarified that for the second and third prongs of the *Calder* effects test, the inquiry must focus on "whether the defendant's conduct connects him to the forum in a meaningful way." *Walden*, 571 U.S. at 290. Further, to meet the *Calder* test's third prong, it is not sufficient that a plaintiff merely "establish that defendant knew that plaintiff was located in a particular forum." *Cabot Corp. v. Niotan, Inc.*, No. 08-1691, 2011 WL 4625269, at *14 (E.D. Pa. Sept. 30, 2011). The plaintiff must additionally "point to specific activity indicating that the defendant expressly aimed its tortious conduct at the forum." *IMO Indus., Inc.*, 155 F.3d at 266; *see also Strategic Prods. & Servs., LLC v. Integrated Media Techs., Inc.*, No. 18-694, 2019 WL 2067551, at *6 (D.N.J. May 10, 2019).

With the proper standards in place, the Court analyzes Plaintiff's unintentional and intentional tort claims. For the reasons outlined below, the Court concludes that it cannot exercise personal jurisdiction over Defendant for any claim.

*1.    Unintentional Tort Claims*

To begin, the Court finds that Plaintiff fails to establish the first prong of the traditional test—purposeful availment.

Purposeful availment is established where a defendant's "contacts proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State" and "thus invok[es] the benefits and protections of [the forum state's] laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (first quoting *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957); then quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)); *see also Remick*, 238 F.3d at 255. "The contacts must be the defendant's own choice and not 'random, isolated, or fortuitous.'" *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) (quoting *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 774 (1984)). "[Plaintiff] must show that the defendant deliberately 'reached out beyond' its home—by, for example, 'exploi[ting] a market' in the forum State or entering a contractual relationship centered there." *Ford Motor Co.*, 592 U.S. at 259 (quoting *Walden*, 571 U.S. at 285).

Here, the Court finds that Plaintiff fails to meet her burden of establishing that Defendant purposefully directed his activity to New Jersey. Specifically, Plaintiff's Complaint fails to allege any activities by Defendant to establish that he purposefully directed his activities at New Jersey. Instead, Plaintiff's Complaint contains a sole allegation of Defendant's connection to New Jersey: Plaintiff met Defendant while attending Rutgers. (Compl. *2;[3] *see also* Pl.'s Aff. ¶ 2 (explaining that Plaintiff met Defendant at Rutgers).) The mere fact that Defendant met Plaintiff in New Jersey and knew Plaintiff was residing there is insufficient to establish personal jurisdiction over Defendant. *Walden*, 571 U.S. at 285 (explaining that the personal jurisdiction analysis "looks to

---

[3] Page numbers preceded by an asterisk refer to the page numbers atop the ECF header.

the defendant's contacts with the forum [s]tate itself, not the defendant's contacts with persons who reside there"). Importantly, as Defendant points out, Plaintiff's Complaint seemingly concedes that Defendant did not direct his activities at New Jersey by stating that "all actions herein took place in the State of Hawaii." (Def.'s Moving Br. 6. (quoting Compl. *2)); *see also* (Pl.'s Opp'n Br. 4 ("[Defendant] invited Plaintiff from New Jersey to visit his home [in Hawaii] where the tortious conduct took place.").) [4]

What's more, the Complaint is devoid of any allegations that the actions underlying the unintentional tort claims were either made or received in New Jersey. (*See generally* Compl.) Plaintiff's Complaint does not allege that any of the conversations pertaining to the offer to stay at Defendant's apartment were made nor received in New Jersey. (*See id.*) Indeed, Plaintiff's Complaint does not allege e-mail messages, correspondence, or phone calls from Defendant directed at New Jersey, or any facts evincing Defendant's intent to take advantage of the laws of New Jersey. (*See id.*) As such, nothing in Plaintiff's Complaint shows that Defendant purposefully directed activity to New Jersey. Nor did Plaintiff provide any evidence or competent proof that would sufficiently establish specific personal jurisdiction over Defendant in New Jersey. *Metcalfe*, 566 F.3d 330 (requiring a plaintiff to "prov[e] by affidavits or other competent evidence that jurisdiction is proper" once a jurisdictional defense is raised). The Court, accordingly, finds that Plaintiff has failed to meet her burden in establishing purposeful availment as it relates to the unintentional tort claims.

---

[4] In any event, Plaintiff also fails to plausibly plead—a specific personal jurisdiction requirement—that Defendant's time at Rutgers (contact with New Jersey) specifically relates to the causes of action at issue. *See Daimler*, 571 U.S. at 136-39 (explaining that a defendant's contacts must specifically relate to the causes of action in litigation for the court to have specific personal jurisdiction over the defendant).

Because all three elements of the test must be met to establish specific personal jurisdiction, the Court need not consider the remaining two elements. *See O'Connor*, 496 F.3d at 317. The Court, accordingly, finds that Plaintiff fails to meet her burden to show that this Court has specific personal jurisdiction over Defendant for her unintentional tort claims. *See Cerciello v. Canale*, 563 F. App'x 924, 925 n.1 (3d Cir. 2014) ("[B]are pleadings alone are insufficient to withstand a motion to dismiss for lack of personal jurisdiction." (citation and internal quotation marks omitted)).

2.    *Intentional Tort Claims*

Next, the Court turns to Plaintiff's intentional tort claims and reaches the same conclusion. In assessing whether a defendant "expressly aimed his tortious conduct at [New Jersey]," the Third Circuit has held that "[t]he defendant must manifest behavior intentionally targeted at and focused on the forum for *Calder* to be satisfied." *IMO Indus. Inc.*, 155 F.3d at 263, 265 (citation and internal quotations marks omitted) ("[T]he mere allegation that the plaintiff feels the effect of the defendant's tortious conduct in the forum because the plaintiff is located there is insufficient to satisfy *Calder*.").

Here, in support of Plaintiff's intentional tort claims, she alleges that she discovered a camera in the bedroom of Defendant's Hawaii apartment, which caused her to be emotionally distraught and distressed.[5] By Plaintiff's very own allegations, Plaintiff seemingly suggests that she did not "fe[el] the brunt of the harm" in New Jersey, and that New Jersey was not "the focal point of the harm suffered."[6] *Christie*, 258 F. Supp. 3d at 500 (citation omitted). Plaintiff's

---

[5] The underlying allegations refer to Plaintiff's intentional tort claims of intentional infliction of emotional distress and invasion of privacy. (*See generally* Compl.)

[6] To the extent Plaintiff felt the harm upon returning to New Jersey, a "mere injury to a forum resident is not a sufficient connection to the forum." *Walden*, 571 U.S. at 289-90.

Complaint is also absent of any allegations that Defendant expressly aimed his tortious conduct at New Jersey to be considered the "focal point of the tortious activity." *IMO Indus., Inc.*, 155 F.3d at 266 (explaining that, under the *Calder* test, a plaintiff must "point to a specific activity indicating that the defendant expressly aimed its tortious conduct at the forum"). Put simply, Plaintiff fails to point to a specific activity that demonstrates Defendant aimed his tortious conduct at New Jersey. As currently plead, Plaintiff fails to provide any allegations or evidence to suggest that "[D]efendant's [purported] conduct connects him to the forum in a meaningful way." *Walden*, 571 U.S. at 290; *see also Metcalfe*, 566 F.3d at 330. The Court, therefore, finds that Plaintiff fails to demonstrate Defendant's minimum contacts with New Jersey under the *Calder* test sufficient for it to exercise specific personal jurisdiction over Defendant for his intentional tort claims.

**B.    The Court Transfers this Matter to the Southern District of California.**

In lieu of outright dismissal, Plaintiff requests that the Court transfer this matter to the United States District Court for the Southern District of California. (Pl.'s Opp'n Br. 5.) Because the Court lacks personal jurisdiction over Defendant, venue is improper under § 1391(b)(1). The Court, therefore, has the discretion to transfer the case or dismiss it. *Al-Ghena Int'l Corp.*, 957 F. Supp. 2d at 525 (citing 28 U.S.C. § 1406(a)). "Dismissal is considered to be a harsh remedy . . . and transfer of venue to another district court in which the action could originally have been brought, is the preferred remedy." *Id.* (citation omitted).

In determining whether transfer to the Southern District of California is warranted under 28 U.S.C. § 1631, this Court must consider: (1) whether the action "could have been brought" in the transferee district; and (2) if transfer is in the "interests of justice." 28 U.S.C. § 1631; *see also Shepler v. Big Sky Resort*, No. 20-6839, 2020 WL 6786028, at *3 (D.N.J. Nov. 2, 2020) (quoting *D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 110 (3d Cir. 2009)). To satisfy the first prong—whether the action "could have been brought" in the Southern District of California—the

transferee court must have: (1) subject matter jurisdiction; (2) venue; and (3) personal jurisdiction. *Id.* The Court will analyze these factors in turn and apply the law of the transferee forum to make these determinations. *See Kim v. Korean Air Lines Co., Ltd.*, 513 F. Supp. 3d 462, 472 (D.N.J. Jan. 14, 2021).

*First*, the Court finds that the Southern District of California has subject-matter jurisdiction. Plaintiff brings the instant action, invoking the Court's diversity subject-matter jurisdiction. (Compl. *1.) Under 28 U.S.C. § 1332, a district court has diversity subject-matter jurisdiction to hear "civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states." Here, Plaintiff is a citizen of New Jersey (Compl. ¶ 1), and Defendant is a citizen of California (*id.* ¶ 2). Plaintiff also claims damages exceeding $75,000. (*Id.* ¶ 9.) Because the parties are citizens of different states, and the amount in controversy exceeds $75,000, the Court has original jurisdiction based on diversity. 28 U.S.C. § 1332. The Court, accordingly, finds that diversity subject-matter jurisdiction exists.

*Second*, the Southern District of California is the proper venue for this action. Venue is proper: (1) where "any defendant resides, if all defendants are residents of the State in which the district is located[;]" (2) where "a substantial part of the events or omissions giving rise to the claim occurred[;]" or (3) where "any defendant is subject to the court's personal jurisdiction with respect to such action" where the action cannot otherwise be brought in any other district. 28 U.S.C. § 1391(b). "The venue statute defines residency . . . for natural persons[]. . . [as] resid[ing] in the judicial district in which that person is 'domiciled[.]'" *Singh v. Palmetto Consulting of Columbia, LLC*, No. 21-1181, 2021 WL 3021449, at *1 (E.D. Cal. July 16, 2021) (quoting 28 U.S.C. § 1391(c)(1)-(2)). Here, Plaintiff asserts that Defendant is domiciled in California. (*See* Compl. ¶ 2.) Defendant was personally served at his residence in San Diego,

12

California. (*See* Aff. of Serv., ECF No. 4.) The Court, accordingly, finds that the Southern District of California is a proper venue for this action.

*Third*, the Southern District of California has personal jurisdiction over Defendant. A court has general personal jurisdiction over a defendant in the state of the individual's domicile. *Goodyear*, 564 U.S. at 924. As discussed above, Defendant is properly considered "at home" in the State of California, and thus that Court has personal jurisdiction over Defendant.

Regarding the second prong of the Court's inquiry—whether the transfer is in the "interests of justice"—the Court's evaluation is discretionary. *Smith v. Bishop*, No. 20-12526, 2023 WL 128786, at *3 (D.N.J. Jan. 9, 2023) (citing *Kim*, 513 F. Supp. 3d at 476). When jurisdiction is available in another court, as here, "[n]ormally transfer will be in the interest of justice because dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating." *SM Fin. Servs. Corp. v. Blue Cross Blue Shield of Tex.*, No. 19-17497, 2020 WL 7869213, at *2 (D.N.J. July 16, 2020) (alteration and citation omitted). Nothing in the present record suggests that a dismissal would better serve the interests of justice. The Court, therefore, finds that a transfer to the Southern District of California is warranted.

IV.    **CONCLUSION**

Because the Court lacks personal jurisdiction over Defendant and venue is improper, the Court transfers this matter to the United States District Court for the Southern District of California. The Court will issue an order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE